IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Scott N. Johnson,<br><br>        Plaintiff,<br><br>   v.<br><br>World Page, Inc., Individually and d/b/a World Page Wireless; Alvaro G. Punla, Individually and as trustee of the Alvaro G. Punla and Carmen S. Punla Revocable Trust; Carmen S. Punla, Individually and as trustee of the Alvaro G. Punla and Carmen S. Punla Revocable Trust,<br><br>        Defendant.<br>_____ | 2:09-cv-02614-GEB-KJN<br><br><u>ORDER TO SHOW CAUSE AND CONTINUING FINAL PRETRIAL CONFERENCE</u> |

        A Minute Order issued on August 31, 2012, scheduled a final pretrial conference in this case for March 26, 2012. The August 31, 2012, Minute Order required the parties to file a joint final pretrial statement seven (7) days prior to the final pretrial conference. (ECF No. 16.) No joint final pretrial statement was filed as required.

        Therefore, each party is Ordered to Show Cause ("OSC") in a writing to be filed no later than March 26, 2012, why sanctions should not be imposed against them and/or their counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely final pretrial statement. The written response shall also state whether the party or the party's counsel is at fault, and whether a hearing is

requested on the OSC.[1] If a hearing is requested, it will be held on April 9, 2012, at 2:30 p.m., just prior to the final pretrial conference, which is rescheduled to that date and time. A joint final pretrial statement shall be filed no later than seven (7) days prior to the final pretrial conference.

IT IS SO ORDERED.

Dated:  March 21, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

2